UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4842 PA (SKx) | Date | September 1, 2022 |
|---|---|---|---|
| Title | CraftShack, Inc. v. Total Wine & More, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

According to the Complaint filed by plaintiff CraftShack, Inc. ("Plaintiff"), Plaintiff operates an online craft beer marketplace and has a website displaying photographs to promote sales, including 25 original photographs registered with the United States Copyright Office. Defendants Retail Services & Systems, Inc.("Retail Services"), and Total Wine & More (collectively the "Defendants"), copied, stored, transmitted, distributed, published, reproduced, displayed, created derivative works of, and otherwise used the copyrighted photographs without license, authorization, or consent, including on Total Wine & More's website. (Compl. ¶ 11.) Plaintiff is a Delaware corporation with its primary place of business in Wilmington, Delaware. (Id. ¶ 4.) Total Wine & More is a Maryland corporation with its principal place of business in Bethesda, Maryland (id. ¶ 5), and Retail Services is a Maryland corporation with its principal place of business in Laurel, Maryland (id. ¶ 6).[1/] The Complaint alleges that "[v]enue in this judicial district is proper . . . in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred." Plaintiff brings one sole claim for copyright infringement.

Because none of the parties reside in the Central District of California ("Central District"), the Court orders the parties to show cause in writing why venue is proper in the Central District, and why this action should not be dismissed or transferred to the United States District Court for the District of Maryland (the "District of Maryland"), or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 1404, 1406. All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

---

[1]   Plaintiff dismissed without prejudice defendant Total Wine & More. (Docket No. 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4842 PA (SKx) | Date | September 1, 2022 |
|---|---|---|---|
| Title | CraftShack, Inc. v. Total Wine & More, et al. | | |

1. Whether this action could have been brought in the District of Maryland;

2. Whether venue is appropriate in the District of Maryland;

3. What contacts, if any, each of the parties has to the Central District or the District of Maryland;

4. What connection Plaintiff's cause of action has to the Central District or the District of Maryland;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the District of Maryland;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District as compared to the District of Maryland; and

9. Whether there are any alternative forums, other than the Central District and the District of Maryland, that would be more convenient for this action, keeping in mind the foregoing inquiries.

    Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Plaintiff is ordered to file its Response to this Order no later than **September 12, 2022.** Defendants may file a Response no later than **September 22, 2022**. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

    IT IS SO ORDERED.